UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALICIA M. SILVA,

    Debtor,

CHARLES W. BEACHAM,

    Creditor/Appellant.

-vs-

ALICIA M. SILVA,

    Debtor/Appellee

JON WAAGE,

    Trustee/Appellee.

Bankruptcy Court
Case No. 9:08-21006

District Court
Case No. 2:11-cv-282

_____/

## **MEMORANDUM OPINION**

This is an appeal from an order of the Bankruptcy Court entered in a proceeding pending before it under Chapter 13 of the Bankruptcy Code. This Court has jurisdiction of the appeal under 28 U.S.C. § 158.

The issue concerns the fate of a claim filed in the bankruptcy case by the Appellant, Charles W. Beacham. He first denominated his claim as secured, but later attempted to amend and assert the claim as unsecured. The Debtor objected to the amended claim. The Bankruptcy Court first overruled the objection to the amended claim, but later reversed itself and entered the order on appeal sustaining the Debtor's objection. The end result was that Appellant Beacham's claim was treated as a

secured claim (as originally filed) to be dealt with and paid "outside of the Confirmed Plan" according to the terms of the Plan.

The case has been thoroughly briefed and the Court has heard oral argument. The Appellant Beacham purports to present nine (9) separate assertions of error in a prolix brief, but after one preliminary matter, there are only two issues that need to be discussed and decided in disposing of the case: (1) whether an order confirming the Debtor's plan is res judicata of Mr. Beacham's claim (as the Bankruptcy Court held in the order on appeal); and (2) if so, whether the order was entered in violation of Beacham's right to due process.

Upon full consideration of the record, the briefs, and the oral argument, the Court has determined that the order of the Bankruptcy Court should be affirmed. An explanation follows.

I

Sometime before commencement of this bankruptcy proceeding on December 31, 2008, Mr. Beacham obtained a judgment in another state against the Debtor, Alicia Silva, a resident of Florida. According to his statement at oral argument, Mr. Beacham then caused the judgment to be recorded with the Florida Secretary of State, but he apparently did not record it locally with the Clerk of the Circuit Court in the county of the Debtor's residence or any other county where she might have an interest in real property.[1] At most, therefore, under the applicable law of Florida, the

---

[1]In addition to Mr. Beacham's oral representation at oral argument, there is a reference in the record that the judgment was entered on August 26, 2008, by a state court in Indiana, and was filed with the Florida Department of State on December 15, 2008. The record is

2

judgment became a lien upon the Debtor's personalty, but did not become a lien upon any interest she might have in real property. See Fla. Stat. §§ 55.10(1); 55.202(2)(a).

On December 31, 2008, the Debtor filed a voluntary petition in the Bankruptcy Court, Fort Myers Division, under Chapter 13 of the Bankruptcy Code. The petition listed Mr. Beacham as the Debtor's singular creditor with an unsecured claim in the amount of $195,000.00.[2] The Debtor's proposed Plan, filed with the Petition, provided that the Debtor would pay the Trustee $2,699.00 per month for 60 months and that unsecured creditors with allowed claims would be paid pro rata shares or as otherwise provided in any subsequent order confirming a plan.

On January 8, 2009, an order was entered establishing May 21, 2009, as the bar date for the filing of proofs of claims.

On January 20, 2009, Mr. Beacham filed a secured proof of claim in the amount of $200,477.47 describing his security as a "recorded judgment lien."

On February 17, 2009, Mr. Beacham filed an objection to confirmation of the Debtor's proposed plan on the ground, among others, that the plan "discriminates unfairly against the creditor [Beacham] in classifying creditor's judicial lien claim as an unsecured claim because creditor's claim is a recorded judgment lien on all property in which Debtor has an interest."

---

silent with respect to any other filings or recordings of the judgment in Florida.

[2]There is nothing in the record to suggest that the Debtor was aware, at the time of the filing of the petition, that Beacham had previously filed a copy of his judgment with the Secretary of State.

3

On April 21, 2009, an order was entered scheduling a confirmation hearing, and a hearing on Mr. Beacham objections, for August 20, 2009.

On June 18, 2009, Mr. Beacham filed a withdrawal of objection to confirmation of Chapter 13 Plan stating that Beacham "as the sole creditor in this case . . . hereby withdraws his objection to the Confirmation of Debtor's Chapter 13 Plan and claimed exemptions and concurs with and will abide by recommendations of the Chapter 13 Trustee appointed in this matter."

On August 20, 2009, the Bankruptcy Court held a confirmation hearing as noticed by the order of April 21, 2009. Mr. Beacham did not appear at that hearing. Those attending were counsel for the Debtor and counsel for the Trustee. It was brought to the attention of the court that Mr. Beacham had withdrawn his objections to the Plan and that he had filed a secured claim, not an unsecured claim. The following colloquy then occurred:

> [COUNSEL FOR THE TRUSTEE]: Your Honor –
>
> THE COURT: Yes.
>
> [COUNSEL FOR THE TRUSTEE]: – the only issue here, Your Honor, is that the current Plan on file doesn't reflect what the treatment of the secured claim of Mr. Beacham is.
>
> [COUNSEL FOR THE DEBTOR]: He filed a secured claim, Judge. The Plan has always provided exclusively for treatment for unsecured creditors.
>
> THE COURT: But the claim [sic] filed has no mention what you're going to do with it.
>
> [COUNSEL FOR THE DEBTOR]: Well, Judge, it's not going to be dealt with – it's a secured claim. It's fully

4

> secured. The claims bar date has passed. There is nothing to be done with it.
>
> THE COURT: It should be objected to or something –
>
> [COUNSEL FOR THE DEBTOR]: Well –
>
> THE COURT: The Plan should provide that although the claim has been filed, it's not provided for.
>
> [COUNSEL FOR THE DEBTOR]: And I have no problem with the confirmation order providing that –
>
> THE COURT: Sure.
>
> [COUNSEL FOR THE DEBTOR]: – deal with it outside of the Plan.
>
> THE COURT: Sure.
>
> [COUNSEL FOR THE DEBT0R]: And confirm at 100 percent to the other creditors.
>
> THE COURT: All right.
>
> [COUNSEL FOR THE DEBTOR]: Thank you, Judge.
>
> THE COURT: All right.

The matter was taken under submission; no order was entered immediately after the hearing. Then, on September 22, 2009, Mr. Beacham filed a pleading entitled "Objection to Confirmation of Proposed Modification of Debtor's Chapter 13 Plan." It recited:

> 1. An order confirming Debtor's proposed modification of the Chapter 13 Plan has not been entered.
>
> 2. Creditor is listed as an unsecured creditor in Debtor's Bankruptcy petition and schedules.

5

> 3. Charles W. Beacham, prior to the hearing on confirmation of the Plan, was the only creditor dealt with in the Plan; and the original Plan proposed to treat Creditor's claim as unsecured and to pay a dividend to Creditor as an unsecured creditor of $145,872.00 in monthly payments of $2,699.00 for 60 months.
>
> 4. The proposed oral modification of the Plan presented at the confirmation hearing held on August 20, 2009 purports to treat Creditor as secured, and discriminates unfairly against the Creditor in classifying Creditor's judicial lien claim as a "secured claim" not affected by the Plan.
>
> 5. Creditor's claim is in fact unsecured as an unperfected foreign judgment lien ...

At roughly the same time, on September 28, 2009, Mr. Beacham filed an amended proof of claim form designating his claim as unsecured. On October 19, 2009, without acting on Mr. Beacham's intervening objection of September 22 or his amended claim of September 28, the Bankruptcy Court entered its Order Confirming Plan. The form order provided that: "The holders of secured claims, whether or not dealt with under the Plan as confirmed, shall retain the liens securing such claims." The order also contained the following provision added at the end of the form:

> 20. Per the Court's oral ruling the secured claim of Charles W. Beacham (Claim No. 1-1) is specifically not dealt with nor affected by the Plan as confirmed and shall be dealt with outside the Confirmed Plan.

On October 27, 2009, Mr. Beacham filed a motion for an order requiring the Trustee to turn over the funds of the estate to him.[3]

---

[3]The motion recites, among other things, that: "An order confirming Debtor's Chapter 13 Plan has been entered." This establishes, therefore, that Beacham had notice of the entry of the order confirming the Plan within a week after entry of that order.

On November 5, 2009, the Bankruptcy Court entered an order allowing and disallowing claims. Exhibit D to that order expressly allowed Beacham's claim but provided, in accordance with the confirmed Plan, that the claim was "[s]pecifically not dealt with nor affected by the Plan and shall be paid by the Debtor directly to said Creditor outside of the Confirmed Plan."

On November 9, 2009, Mr. Beacham filed a motion for reconsideration of the order of November 5, allowing and disallowing claims; and on November 10, 2009 he filed an adversary proceeding against the Debtor seeking to revoke confirmation of the plan.[4]

On December 3, 2009, the Debtor filed an objection to Mr. Beacham's amended proof of claim filed on September 28, 2009. The objection asserted that the "amended" claim was not an amendment that would relate back to the earlier claim but was, in fact and in law, a new and untimely claim filed beyond the bar date.

After two postponements requested by the parties, respectively, a hearing was held on June 2, 2010, on the Debtor's objection to Mr. Beacham's amended claim. Afterward, on June 30, 2010, the Bankruptcy Court entered an order[5] that overruled the Debtor's objection and amended nunc pro tunc the confirmed Plan, as well as the order Allowing and Disallowing Claims, to reclassify Mr. Beacham's claim as an allowed, unsecured claim to be paid in accordance with the original proposed Plan.

---

[4]The motion for reconsideration was later denied by order entered December 31, 2009. The adversary proceeding was dismissed on January 26, 2010, for lack of prosecution.

[5]The hearing on June 2 was conducted by, and the order on June 30 was entered by, a judge other than the judge who had conducted all of the proceedings in the case up to that point.

The Debtor (on June 30, 2010) and the Trustee (on July 14, 2010) moved for reconsideration of the order of June 30, and a hearing was held on August 18, 2010, attended by Mr. Beacham. Then, on September 17, 2010, the Bankruptcy Court entered an order – the order now on appeal – reversing and vacating the order of June 30; sustaining the objection to and disallowing Mr. Beacham's "amended" claim; and, effectively, reinstating the order confirming the Plan.[6]

## II

A. <u>Preliminary Issues</u>.[7] As a preliminary matter, Mr. Beacham devotes a substantial amount of time in his briefs arguing that the "oral ruling" of the Bankruptcy Court at the confirmation hearing on August 20, 2009, "directing the Chapter 13 Trustee to amend" the proposed Plan, or the "plan as orally amended by the Court on August 20, 2009" (Doc. 6, Appellant's Brief, page 7) constituted an abuse of judicial discretion and authority that deprived him of due process. This argument, however, completely ignores the state of the record at the time of the hearing, and it is also predicated upon a misapprehension of what occurred during the confirmation hearing. As of August 20, 2009, the date of the hearing, Mr. Beacham had filed a <u>secured</u> claim and had even objected to confirmation of the Debtor's proposed Plan precisely because it classified his claim as unsecured rather than secured. To be sure, he had withdrawn that objection but that effectively left him out of the proposed Plan

---

[6]The hearing on August 18 was conducted by, and the order on September 17 was entered by, a third judge other than the judge who entered the Order of June 30.

[7]On appeal, this Court reviews <u>de novo</u> the Bankruptcy Court's conclusions of law. Its findings of fact are reviewed for clear error. <u>In re Financial Federated Title & Trust, Inc.</u>, 309 F.3d 1325, 1328-1329 (11th Cir. 2002).

8

altogether.  The Debtor's proposed Plan provided only for the payment of unsecured claims and – at least at the time of the hearing – Mr. Beacham was pursuing a secured claim that was not provided for in the Plan in any way.[8]  It was the Trustee, therefore, who pointed out at the hearing (see quotation pages 4-5, supra) that the Plan did not provide for any treatment of Mr. Beacham's secured claim.  Counsel for the Debtor responded that "its not going to be dealt with – it's a secured claim."  The court then observed, appropriately under the circumstances, that the Plan should reflect that "although the claim has been filed, it's not provided for."  Thus, contrary to Mr. Beacham's characterization of that observation as an oral order entered without notice, it was not at that time an oral modification of the proposed Plan.  The modification of the Plan occurred in writing when the Order of Confirmation was subsequently entered on October 19, 2009 in the modified form proposed by the Debtor.  In the meantime, Mr. Beacham was well aware of the Debtor's intent to submit a proposed Plan in modified form (as discussed at the August 20 hearing) because he filed objections on September 22 (quoted pages 5-6, supra) to the anticipated modified form of the Plan.

There was no irregularity or denial of due process in any of these events.  The original, proposed plan filed by the Debtor with her petition expressly stated that "[t]he Trustee shall only make payment to creditors with filed and allowed proof of claims."

---

[8]Notably, if the proposed Plan had been approved without amendment following the August 20 hearing, as Mr. Beacham contends should have been done, it is difficult to see how that would have benefitted him in any way.  There would have been, at best, an ambiguity in the result; and, absent some subsequent allowance of his claim as an unsecured claim, he would have been in precisely the same position as he was after the order confirming the Plan was entered in the form to which he objects.

9

(Emphasis supplied). Mr. Beacham had notice of the confirmation hearing but did not attend it; and he knew about the terms of the confirmed, modified Plan within a week after the order of confirmation was entered. At that point Mr. Beacham could have filed an appeal, among other things, but did not. He had the process he was due. He simply did not take advantage of it.

  B. <u>Res Judicata Effect of the Order Confirming the Plan</u>. The overarching issue in the case is whether the order confirming the Plan became <u>res judicata</u> with respect to Mr. Beacham's proof of claim. The Bankruptcy Court correctly held, in the order on appeal, that it did.

  First, it is important to note that despite having filed an objection to the Plan before the order of confirmation was entered; and despite having filed (within a week after entry of the order confirming the Plan) a motion for an order requiring the Trustee to turn over the funds of the estate; and despite filing objections to the order allowing and disallowing claims; and despite having filed an adversary proceeding contesting the order confirming the Plan, Mr. Beacham, quite inexplicably, never sought reconsideration of the order confirming the Plan itself; never filed a notice of appeal seeking appellate review of the order; and never filed a motion under Rule 9024 of the Federal Rules of Bankruptcy Procedure or Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the order.

  The Supreme Court has squarely and unanimously held, in a Chapter 13 bankruptcy proceeding, that the order of the bankruptcy court confirming a debtor's plan is a final judgment. <u>United Student Aid Funds, Inc. v. Espinosa</u>, \_\_\_\_\_ U. S.

____, 130 S. Ct. 1367, 1376 (2010) (citing In re Optical Technologies, Inc., 425 F.3d 1294, 1300 (11th Cir. 2005)). And as the Eleventh Circuit held in Optical Technologies: "[i]t is established law that a confirmation order satisfies 'the requirements of a judgment that can be given [preclusive] effect . . .'" 425 F.3d at 1300 (quoting In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990)).

Clearly, therefore, the Bankruptcy Court was correct in overruling the earlier order entered by another judge purporting to amend the Confirmed Plan nunc pro tunc in the absence of any Rule 60(b) motion or appellate mandate or other procedural device authorizing disturbance of the Confirmed Plan as a final judgment. United Student Aid Funds, Inc. v. Espinosa, supra.

The Bankruptcy Court was also correct in holding that the attempted amendment and reclassification of Mr. Beacham's claim from secured to unsecured, coming after the bar date and the confirmation of the Plan, was untimely and was foreclosed by the preclusive res judicata effect of the Confirmed Plan.

Following the admonition that the Bankruptcy Courts "must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment," (In re International Horizons, Inc., 751 F.2d 1213, 1216 (5th Cir. 1985) (citing In The Matter of Commonwealth Corp., 617 F.2d 415, 420 (5th Cir. 1980))),[9] it is the clearly established law of the Circuit and this District that attempts to change the status of a claim from unsecured to secured, or

---

[9]In Bonner v. City of Pritchard, 661 F.2d 1206,1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

11

the like, after the bar date and confirmation of a plan, is a new claim that does not relate back to the original filing of the claim in a different classification. See In re Jones, 219 B.R. 631 (Bankr. M.D. Fla. 1998); In re National Merchandise Co., Inc., 206 B.R. 993 (Bankr. M.D. Fla. 1997). See also, Holstein v. Brill, 987 F.2d 1268 (7th Cir. 1985); In re Metro Transportation Co., 117 B.R. 143 (Bankr. E.D. Pa. 1990); In the Matter of Alliance Operating Corp., 173 B.R. 326 (Bankr. E.D. La. 1994), aff'd 60 F.3d 1174 (5th Cir. 1995). The Bankruptcy Court correctly overruled its earlier order and rightly sustained the Debtor's objection to Mr. Beacham's "amended" claim because it was, in law, a new and untimely claim.

C. Denial of Due Process. Mr. Beacham's claim of denial of procedural due process is clearly meritless.[10] He could have appealed the order confirming the Plan but did not do so. To the extent that we was aggrieved by the order on appeal, he had a hearing in the Bankruptcy Court and he has had his right of appeal to this Court. There has been no denial of procedural due process to Mr. Beacham.

**III**

It is easy to understand Mr. Beacham's frustration with respect to the outcome of this case, and to understand as well the effort of the Bankruptcy Judge (who entered the case mid stream in June, 2010) to correct what some might well view as an unjust result. After all, the Debtor herself began this proceeding and initially

---

[10]Though the parties do not distinguish between procedural and substantive due process in their arguments, the issue, to the extent that there is one, involves procedural and not substantive due process. As noted infra, no property interest has been taken from Mr. Beacham. He still has his judgment and is in the same position now as he was before the bankruptcy proceeding began.

proposed a plan of periodic payments that would have substantially satisfied her indebtedness to Mr. Beacham at the end of five years – a debt she believed to be, and so denominated, as an unsecured obligation. Mr. Beacham, however, chose to file his claim as a secured claim and, indeed, attempted to perpetuate and protect that status by objecting to the proposed Plan for the precise reason that his claim was being treated as unsecured rather than secured. Then, for whatever reason, he did not attend the confirmation hearing and did not appeal or otherwise mount a collateral attack on the Confirmed Plan that then became a final judgment. Yet, in the end, he is no worse off than he was at the beginning. He still has his judgment and all of the remedies provided by the law to attempt collection.

The Judgment and Order of the Bankruptcy Court entered on September 17, 2010, is in all respects AFFIRMED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 23rd day of July, 2012.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Maurya McSheehy, Courtroom Deputy